**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 99-4383

DAVID SCOTT GHANTT,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-97-294)

Submitted: March 14, 2000

Decided: March 31, 2000

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Noell P. Tin, RAWLS & DICKINSON, P.A., Charlotte, North Caro-
lina, for Appellant. Mark T. Calloway, United States Attorney, Brian
Lee Whisler, Assistant United States Attorney, Charlotte, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Scott Ghantt appeals the ninety-month sentence imposed by the district court after his guilty plea to bank larceny, <u>see</u> 18 U.S.C.A. § 2113(b) (West Supp. 1999), 18 U.S.C. § 2 (1994) (Count One), and two counts of money laundering, <u>see</u> 18 U.S.C.A. § 1956(a)(1)(B)(i) (West Supp. 1999), 18 U.S.C. § 2 (Counts Three and Twelve). He contends that the district court erred in determining that he derived more than $1 million in gross receipts from the offense and giving him a four-level enhancement under <u>U.S. Sentencing Guidelines Manual</u> § 2B1.1(b)(6)(B) (1998). We affirm.

While he was employed as a vault supervisor at the Loomis Fargo Armored Car (Loomis) facility in Charlotte, North Carolina, David Ghantt loaded a Loomis van with $17,044,200 in cash and drove to a warehouse where several associates were waiting. Ghantt had agreed to split the proceeds equally with Steve and Michele Chambers and Kelly Campbell after the others who were involved in the offense were paid. Immediately after the theft, Ghantt took an amount less than $30,000* and fled to Mexico. Over the next several months, co-defendant Michael McKinney traveled to Mexico several times at Steve Chambers's direction to deliver money to Ghantt. During the same time, with the cooperation of friends and relatives, Chambers and his wife deposited a large part of the money in various bank accounts, safe deposit boxes, and storage buildings. Ghantt was arrested by Mexican authorities in March 1998 and turned over to American law enforcement personnel.

At sentencing, while accepting defense counsel's assertion that Ghantt did not receive more than $30,000 of his expected share of the proceeds, the district court found that Ghantt derived $4 million under his agreement with his co-conspirators. On appeal, Ghantt argues that he did not "derive" more than the amount of money he was able to use for his personal benefit.

_____

*The district court accepted defense counsel's representation that Ghantt did not receive more than $30,000 before his arrest.

2

Application Note 11 to § 2B1.1 explains that subsection (b)(6)(B) applies when "the gross receipts to the defendant individually, rather than to all participants, exceeded $1,000,000." U.S.S.G. § 2B1.1, comment. (n.11). Note 11 also defines "gross receipts from the offense" as "all property, real or personal, tangible or intangible, which is obtained directly or indirectly as a result of such offense." Id. Whether the defendant derived more than $1 million in gross receipts is a factual question. See United States v. Kohli, 110 F.3d 1475, 1478 (9th Cir. 1997). The district court must make a finding that the defendant personally derived over $1 million from the offense. See id. at 1477; United States v. Nesenblatt, 171 F.3d 1227, 1229-30 (9th Cir. 1999); United States v. Bennett, 161 F.3d 171, 192-93 (3d Cir. 1998), cert. denied, 120 S. Ct. 61 (1999); United States v. Millar, 79 F.3d 338, 346 (2d Cir. 1996); United States v. Wong, 3 F.3d 667, 672-73 (3d Cir. 1993). In Ghantt's case, the court made the necessary determination that Ghantt derived over $1 million individually from the robbery.

Ghantt argues that intended profits not actually received should not be counted as gross receipts and, in his reply brief, attempts to distinguish Wong, a case in which the enhancement was based on the money the defendant actually received as well as the amount he expected to receive in repayment for a loan he made by fraudulently transferring money from his employer, a bank, to a company that executed a promissory note to him personally. We find that Wong supports the district court's determination, however, because Ghantt and his co-conspirators agreed that he would ultimately receive more than $1 million.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3